OTHO W. PERKINS *et al.*, Plaintiffs in Error, *v.* J. K. LEWIS *et al.*, President and Trustees of the Town of St. Charles, Defendants in Error.

### ERROR TO KANE.

The legislature may authorize municipalities to become stockholders in railroad corporations.

THIS bill sets up, that the complainants are each of them owners of real estate within the corporate limits of the town of St. Charles, and that each of them is liable to be assessed, and to pay his rateable proportion of taxes levied by the said corporation.

The bill charges, that at the last session of the legislature, an act was procured to be passed, entitled, " An act to authorize the inhabitants of the incorporation of the town of St. Charles, to subscribe to the stock of the St. Charles Railroad Company, approved February 21st, 1859." That complainants have never seen said act—that they are informed that it has not been published—that they have not had time to get a copy from the secretary of state, since they were informed of the passage of the said act, and ask leave, when they shall get a copy, to attach the same to this bill and make it a part thereof, and to which complainants refer. That complainants are informed that said act authorizes the corporate officers of said town, or some of them, to call a meeting of the legal voters residing within the corporate limits of said town, to vote, either for or against subscribing to the stock of the St. Charles Railroad Company, or (" that said corporation shall subscribe for or cause to be subscribed for any, and if any, how much of the capital stock of the St. Charles Railroad Company.") That the president of said board of trustees, has directed or requested the clerk of said board to issue and post up notices, calling said proposed meeting, and that the said clerk has posted such notices, etc.

Bill charges, on information and belief, that the St. Charles Railroad Company are authorized to build a branch railroad from any point within the corporate limits of the town of St. Charles, southerly, to connect with the Dixon Air Line, or easterly, with the Galena and Chicago Union Railroad. That a branch road, connecting with either, would have to be built beyond the corporate limits of said town.

It charges, that defendants, or some of them, under pretense of authority to be obtained in pursuance of an election, to be held at a time and place in said notice mentioned, are about to

subscribe stock to a large amount to the stock of said St. Charles Railroad Company, and to issue bonds of said corporation, of a large amount, to pay for said stock, making the same a charge on the said corporation, and upon the property of the complainants; the principal and interest to be paid by taxing all the real and personal property within the said incorporation and of complainants as a sequence.

Bill charges, that it is not designed to have any stock taken in said St. Charles Railroad Company, except such part as shall be taken by said town of St. Charles. That said complainants are advised, and so charge the fact to be, that said town of St. Charles is a municipal corporation for the government of the people of said town, and not a private corporation for pecuniary purposes, and that it is contrary to the constitution of this State to make such a private corporation for the purpose of speculation, and compelling the inhabitants and property owners of said town to invest their property without their consent, and against their wishes in the speculation of said municipal corporation, which is changed from the legitimate constitutional and lawful object.

On the bill a writ of injunction was issued, strictly enjoining and commanding the said officers of the town of St. Charles, and each and every of them, from subscribing for or to the capital stock of the St. Charles Railroad Company, or from issuing, signing, selling, or disposing of any bonds pledging the corporate town of St. Charles aforesaid, for the redemption of the same, pursuant to the said act of the legislature.

At November term of the said Kane Circuit Court, I. G. WILSON, Judge, presiding, the bill was taken as confessed, and the injunction was made perpetual.

J. S. BEVERIDGE, and EASTMAN & BOTTSFORD, for Defendants in Error.

HOYNE, MILLER & LEWIS, for Plaintiffs in Error.

WALKER, J.   This was a bill in chancery, filed in the Circuit Court of Kane county, for the purpose of enjoining the president and trustees of the town of St. Charles, from subscribing to the capital stock of a railroad company, and from issuing the bonds of the city in payment of the same. No objections to the notice calling the election to determine whether the city would subscribe for such stock, or irregularity in the mode of conducting the election, in the canvass of the votes, or any of the other preliminary steps, is urged, but the relief sought is placed alone upon the unconstitutionality of the law authorizing

14

the city to subscribe for the stock and pay their subscription by issuing its bonds. The act under which this subscription is attempted to be made, was adopted February 21, 1859, (Special Laws, p. 684,) and expressly authorizes the city to become a stockholder in this road, if a majority of its citizens shall so determine by vote, in the mode prescribed.

But the objection urged, is that the legislature has no constitutional warrant to authorize cities, counties or other municipal bodies, to subscribe stock in railroads, within or running through their jurisdiction. This being the only question presented by this record for our consideration, we deem it unnecessary to discuss the various provisions of the constitution involved in the question, in this opinion, as they were all raised, discussed and determined in the case of *Johnson* v. *Stark County*, decided at the present term. *Ante*, p. 75. We, in accordance with the conclusions there arrived at, must hold that the legislature has competent authority to authorize such subscriptions.

The decree of the court below is reversed, and the bill dismissed for want of equity.

*Decree reversed.*