# The President and Trustees of the Town of Keithsburg
## v.
## Charles A. Frick.

1. Bonds issued by the Town of Keithsburg *to Warsaw and Rockford Railroad Company — were issued under special charter.* The bonds issued by the town of Keithsburg, on the 1st of June, 1857, to the Warsaw and Rockford Railroad Company, for the subscription to the stock of that company by the town, were issued under the special act of 1857 to incorporate the town, and not under the general law of 1849, under which the town had previously been organized.

2. Authority of the town *to take stock and issue bonds therefor.* The special charter authorized the president and trustees to subscribe for and take stock, to an amount not exceeding twenty thousand dollars, and to issue the bonds of the corporation in payment therefor, to run for a term not exceeding twenty years, to draw interest not exceeding ten per centum per annum, payable semi-annually, and to do all things in relation thereto as natural persons.

3. Subscription to stock by towns — *Election not necessary.* It is competent for the legislature to bestow the power directly upon a town, to subscribe for and take stock in a railroad, without requiring the subject to be submitted to a vote of the people.

4. And such power was bestowed upon the corporate authorities of the town of Keithsburg by the second section of the act of 1857, incorporating the town. So the question whether the stock should be subscribed for was not required to be submitted to the legal voters.

5. Subscription to stock, *and issuing bonds therefor by towns — if illegal, may be legalized by the legislature.* It seems, that even if a town subscribes to the stock of a railroad, and issues its bonds therefor, without authority so to do, still it is competent for the legislature to legalize and declare valid what the town may have done in that regard.

6. So the subscription in this case by the town of Keithsburg, is good, either under the special charter of 1857, as an original subscription under the second section, or as a subscription made under the general law of 1849, confirmed, as it is, by the seventeenth section of the act of 1857.

7. Estoppel — *when municipal bodies are estopped from denying the validity of their bonds.* And whether the bonds were issued by virtue of the second section of the special charter of 1857, which expressly authorizes them, or under the seventeenth section, which legalizes and confirms what had previously been done, the corporation is estopped from setting up any irregularity in their issue, after having repeatedly recognized their validity by paying them out, and levying taxes and paying the interest on them for a series of years.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was an action of debt brought by Charles A. Frick against The President and Trustees of the town of Keithsburg, in the court below, at the September term, 1863, upon twenty-one interest coupons, the same having been detached from bonds issued by the defendant to the Warsaw & Rockford Railroad Company, numbered, respectively, 1, 2, 3, 4, 7 and 8, and bearing date June 1st, 1857, such coupons being for interest claimed to be due on such bonds, respectively, June 1st, 1862, December 1st, 1862, and June 1st, 1863.

The defendant pleaded the general issue, and it was stipulated that all defenses might be made under such plea, that could be made under special pleas well pleaded.

A jury being waived, the cause was tried by the court.

On the trial, the plaintiff offered and read in evidence against the objections of the defendant, seven bonds made by the said town of Keithsburg, each for the sum of one thousand dollars, numbered 1, 2, 3, 4, 6, 7 and 8, respectively, dated June 1st, 1857, and each being due in twenty years from the dates thereof, to the Warsaw & Rockford Railroad Company, and bearing interest at the rate of ten per cent. payable semi-annually, on the first days of December, and the first days of June, at the American Exchange Bank in the city of New York, after the date of said bonds until the payment of the same, and to each of such bonds there were attached forty interest coupons of fifty dollars each, to the admission of which bonds and each of them to be read in evidence, the defendant objected because said bonds were issued without authority of law, and were void, and were improper evidence in the case, but the court overruled said objection, and the defendant excepted.

The plaintiff also offered and read in evidence an ordinance of said town of Keithsburg, numbered twenty-three and printed on the back of each of said bonds, said ordinance bearing date May 4th, 1857, and is in substance as follows : " Whereas, by vir-

tue of an ordinance of the board of trustees of the corporation of the town of Keithsburg, heretofore made, said corporation then being duly authorized under a general act of the legislature of the State of Illinois, providing for the incorporation of towns and cities, an election was held in said town by the citizens, legal voters thereof, to vote for or against said corporation subscribing to the capital stock, in a sum not exceeding $20,000, to the Warsaw and Rockford Railroad Company, on the 4th day of November, 1855, in pursuance of public notice duly given by the clerk of said board of town trustees, which said election was conducted in the usual form, and which resulted in a unanimous vote in favor of taking said subscription ; and whereas, afterwards, on the 16th day of February, A. D. 1857, a special charter was granted, incorporating the said town of Keithsburg, whereby the subscription taken as aforesaid was legalized by the provisions following, to wit :

" ' Sec. 17. The subscription heretofore made by said corporation to the capital stock of the Warsaw and Rockford Railroad Company of a sum not exceeding twenty thousand dollars, to be paid for in town bonds to run for twenty years at an interest not exceeding ten per cent., is hereby legalized and confirmed to the full extent and for the purpose for which such subscription was made; and the president of said corporation is hereby fully authorized and empowered to execute and issue said bonds, under his hand and the corporate seal of said town, and for the payment of which bonds and the interest accruing thereon as the same becomes due, the faith of said corporation shall be fully pledged and bound, and whenever said bonds shall be issued, a lien is hereby declared to be created against all the real estate within the bounds of said corporation, to secure the faithful payment thereof and the interest that may accrue thereon. The said president and trustees are hereby vested with full power to make provisions for the payment of the same by levying a special tax, to be collected as other taxes are, herein provided for.'

" Now, therefore, be it ordained, by the president and trustees of the corporation of the town of Keithsburg:

"Sec. 1. That the president of said board is hereby authorized, empowered and directed to subscribe in the sum of twenty thousand dollars to the capital stock of the Warsaw and Rockford Railroad Company, on the behalf and in the name of said corporation, by which said act of its executive officer the faith of said corporation shall be irrevocably pledged to said company in the sum of twenty thousand dollars; that for the assessments or estimates heretofore made, and hereafter to be made, on that portion of said Warsaw and Rockford Railroad between the stations at or near the town of Keithsburg, in Mercer county, and the town of Oquawka, in Henderson county, including the first five per cent. to be paid upon subscription, the president and clerk of said board, for the *time being, shall execute the bonds of said corporation for the sum of one thousand dollars each, for the amount so assessed upon the stock so subscribed by the said corporation of Keithsburg,* signed by the president, as provided for by the act of incorporation aforesaid, and also that the same bonds be attested by the clerk of said board, which said bonds shall be dated when issued, and shall be made payable in twenty years from the date thereof. The said bonds shall be made payable to the order of the Warsaw and Rockford Railroad Company, principal and interest, at the American Exchange Bank, in the city of New York, and shall bear interest at the rate of ten per cent. per annum, payable semi-annually, and for which coupons, bearing same date as the bonds aforesaid, signed by the president of said corporation, shall be attached. Said bonds, in other respects, shall be in the usual form, and shall be entitled, 'Warsaw and Rockford Railroad bonds,' upon the back of which this ordinance authorizing their issue shall be printed.

"That said bonds, when executed as provided in the preceding section, shall be delivered to the directors of the Warsaw and Rockford Railroad Company, in the payment of the subscription aforesaid by the said corporation of the town of Keithsburg to the capital stock of said company, as the board of trustees of said corporation shall from time to time direct."

It was further ordained by the said ordinance, printed on the

The President and Trustees of the Town of Keithsburg *v.* Frick.

back of said bonds, that the board of trustees of said town should levy a special tax on the assessed value of all the property within the limits of said corporation, sufficient to pay the interest from year to year on all the bonds so issued and delivered to the directors of said company, after deducting such dividends on said stock as might from time to time be made to said corporation; also provided how such special tax should be levied and collected, and that the same should be kept separate and used only for the payment of interest on said bonds semi-annually. That all of the stock issued to said corporation, and all dividends, should be held and applied to the redemption of said bonds, and for no other purpose, and also provided how such corporation should cast the vote it would be entitled to cast at all elections of the Warsaw and Rockford Railroad Company where the stockholders of said company were allowed to vote.

The following certificate was attached to each of said bonds, to wit: " We certify that the within bond has been received at par, and in lieu of cash, in payment of an installment of the subscription of the town of Keithsburg to the capital stock of the Warsaw and Rockford Railroad Company, to the amounts required to be paid at the time of said town's subscription, and for the amounts of and at the time when a like assessment upon the stockholders of said company was regularly assessed and made payable. Sept. 9th, 1857. John McKinney, Treasurer, W. & R. R. R. Co."

The plaintiff also offered and read in evidence, against the objection of defendant's counsel, twenty-one coupons, which had been detached from said bonds, they being for interest on said bonds due, according to the terms thereof, respectively, June 1st, 1862, December 1st, 1862, and June 1st, 1863, each being for the sum of fifty dollars, and bearing date June 1st, 1857; three of said coupons having been detached from each of said bonds. To the reading of which said coupons in evidence the defendants objected, because the same and each of them, and the bonds from which they were cut, respectively, were void, and no interest was due on any of said bonds; that

the same were issued contrary to law, and that the said bonds and coupons were improper testimony in the said cause; but the court overruled said objections, and defendant excepted.

The plaintiff then offered and read in evidence the agreement of the parties to said suit, made for the purpose of such trial, in which it was admitted that, on the 30th day of October, A. D. 1855, in obedience to an ordinance of the town of Keithsburg, then passed, notices were posted in four public places in said town, notifying the freehold voters thereof that an election would be held on the 10th day of November, 1855, when the freehold voters therein would be permitted to vote for or against said town taking a subscription to the capital stock of the Warsaw and Rockford Railroad Company, not exceeding twenty thousand dollars, to run twenty years, at interest not to exceed ten per cent. per annum, payable semi-annually; that the proceeds of said bonds were to be applied to the grading of said railroad between the towns of Oquawka and Keithsburg; that an election was held in the corporate limits of said town, on the said 10th day of November, 1855, for the above mentioned purpose, at which said election, persons residing in and owning real estate in said town were allowed to vote, persons residing in said town and *not owning real estate therein, and being legal voters, were not allowed to vote*, and that no other election was ever held in said town in relation to its taking stock in said railroad company. It was also admitted that, on the 1st day of June, 1857, the said bonds numbered 1, 2, 3, 4, 6, 7 and 8, were issued by the president and trustees of the town of Keithsburg; that the signature of Robert Keith to each of said bonds is genuine, and made while he was president of the board of trustees of said town; that the signature of "Mark J. O'Brien," upon each of said bonds is genuine, and made while he was clerk of the board of trustees of said town; that the signature of "S. S. Phelps" to the indorsement on each of said bonds is genuine, and made while he was president of said railroad company; that the signature of "John McKinney" to the certificate on each of said bonds is genuine, and made while he

was treasurer of said railroad company; that the signature of ".Robert Keith" upon each of the aforesaid coupons is genuine, and made while he was president of the board of trustees, as aforesaid; that payment of the aforesaid coupons was demanded of the treasurer of said town before this suit was brought, which was refused.

The plaintiff then offered and read in evidence, without objection, the record of the incorporation of the said town of Keithsburg, under and by virtue of the general law relating to incorporations of towns of the State of Illinois, which showed that due proceedings were had, and that said town was duly incorporated under such general law, and that trustees for said town were duly elected and qualified, and organized by electing Robert Keith president of said board on the 27th day of October, 1855.

The plaintiff then offered and read in evidence a record, showing the organization of the town of Keithsburg under the special charter granted to said town of Keithsburg, by the general assembly of Illinois, February 16th, 1857. Also, a record of said town, showing the election of trustees under such special charter, April, 6, 1857.

The plaintiff then offered in evidence an ordinance of said town of Keithsburg, No. 3, passed October 30, 1855, authorizing an election to be held on Saturday, the 10th day of November, 1855, when the freehold voters of said town would be permitted to vote for or against the said town of Keithsburg making a subscription to the capital stock of the Warsaw & Rockford R. R. Co., for a sum not exceeding twenty thousand dollars, at a rate of interest not exceeding ten per cent. per annum, payable semi-annually.

The plaintiff also offered and read in evidence, a resolution passed by the board of trustees of said town, on the 2d *day of April*, 1857, in which resolution or ordinance, the president of the board of trustees of said town was directed to issue corporation bonds as contemplated in the special charter granted to said town, February 16, 1857, in sums of one thousand dollars each, on the subscription of the said town of Keithsburg

to the capital stock of said Warsaw & Rockford Railroad Company.

Also, a record showing that on the 15th day of April, 1857, the board of trustees met and organized, and elected officers for the ensuing year; and also passed a resolution amending the resolution passed April 2d, 1857, so as to allow the aforesaid bonds to be issued in amounts not less than one thousand dollars, and not more than five thousand dollars.

On May 4th, 1857, the said board of trustees passed an ordinance entitled an ordinance to issue town bonds to the Warsaw & Rockford Railroad Company, and for other purposes, which is the same ordinance heretofore mentioned as being printed on the back of each of the aforesaid bonds.

The plaintiff also offered and read in evidence against the objections of the defendant, ordinances and resolutions of the said town of Keithsburg, passed respectively as follows : A resolution passed on the 8th day of June, 1857, authorizing the clerk of the board of trustees of said town, to enter a subscription of twenty thousand dollars for the town of Keithsburg, to the capital stock of the Warsaw & Rockford Railroad Company, on the stock book of said company. On the 8th day of July, 1857, an ordinance was passed by said town authorizing the president of the board of trustees of said town to sign six more of the " town bonds," that they be delivered to Thomas B. Cabeen, so that he could take them to Oquawka, and have them countersigned or indorsed by the president of the said Railroad Company.

Also, an ordinance passed on the 8th day of October, 1857, authorizing and providing for the assessing and collecting a special tax by the said town, to pay interest on the town bonds to the Warsaw and Rockford Railroad Company.

Also, resolution passed by the board of trustees of said town, on the 17th day of December, 1857, directing the " *secretary* " to draw on the treasurer, in favor of H. W. Thornton, for fifty dollars, to pay a coupon attached to one town bond due 1st instant.

Also, resolution passed by said town on the 24th day of

The President and Trustees of the Town of Keithsburg v. Frick.

December, 1857, directing the secretary to draw on the treasurer, in favor of II. W. Thornton, for one hundred dollars, to pay coupons numbers 6 and 8, being interest on two town bonds.

Also, resolution of March 1st, 1858, that an order be drawn in favor of B. P. Frick, for fifty dollars to pay coupons.

Also, resolution of April 5th, 1858, appointing T. B. Cabeen proxy for said board, to cast such vote as the said board might be entitled to cast at the election for directors of the Warsaw and Rockford Railroad Company.

Also, resolution of July 20, 1858, authorizing the issuing of an order for fifty-two dollars, to pay coupon number four on said railroad bonds, due December 1, 1857.

Also, ordinance passed December 12, 1859, in substance, that a tax of four mills on the dollar, to pay interest on the Warsaw and Rockford Railroad bonds, and two mills on the dollar for other town purposes, be levied on assessed value of all the real estate within said corporation, and all the personal property of the inhabitants thereof, and also providing for the collection of the same.

Also, resolution of March 9, 1860, that a tax of five mills on the dollar, to pay the interest on the Warsaw and Rockford Railroad bonds, be levied on all the real estate and personal property within the limits of said corporation, and provided for the extension and collection of the same.

Also, resolution of December 3, 1860, authorizing the clerk of said board to notify the holders of coupons of said railroad bonds for the year 1858, that on presentation of one of said coupons an order would issue for the payment thereof.

Also, resolutions of January 8, 1861, authorizing the clerk to notify the holders of coupons of said railroad, that upon presentation of three of said coupons, an order would issue for the payment thereof.

Also, a resolution passed March 4, 1861, authorizing A. B. Sheriff to represent the town of Keithsburg in the election of the board of directors of the Warsaw & Rockford Railroad Company at Oquawka, in April, 1861: Also, a resolution of

The President and Trustees of the Town of Keithsburg v. Frick.

same date, instructing the clerk of said board to notify the holders of six coupons for 1860, that upon their presentation an order will issue for their payment.

Also, a resolution passed November 4, 1861, ordering a tax of four mills on the dollar for the payment of interest on said bonds, to be levied on all the property in said corporation, and providing for its collection.

Also, a resolution passed March 24, 1862, instructing the president of said board to appoint a proxy to cast the vote of the corporation of Keithsburg,. at the election by the stockholders of said railroad for directors of said company for the ensuing year.

Also, on the 12th day of April, 1862, the president of said board reported that he had appointed S. S. Phelps proxy to cast the vote of the town of Keithsburg at the election held on the 7th of April, 1862, by the stockholders in the Warsaw and Rockford Railroad Company, for directors for said company.

To the admission of all which said ordinances and each of them, the said defendant objected; but the court overruled said objection, and permitted the same to be read in evidence, and defendant excepted.

The plaintiff then called Thomas B. Cabeen as a witness, who, after being duly sworn, testified that there were eight bonds of one thousand dollars each issued by said town to the capital stock of said railroad, and delivered by said town to the agent of the company; that he delivered four bonds to Benjamin P. Frick for grading done by him on said road between Oquawka and Keithsburg. Thought on one occasion, at an election for directors for said railroad company, he cast the vote of the town as a proxy.

The foregoing was all the evidence offered on said trial.

Thereupon the court found the issues for the plaintiff, and found his debt to be one thousand and fifty dollars.

Thereupon the defendant below entered a motion for a new trial:

1st. Because the finding of the court is against the weight of evidence in the case.

2d. . Because the finding of the court is against the law.

3d. Because the court mistook the law.

4th. Because the court erred in admitting said bonds and coupons in evidence.

5th. Because the court erred in admitting said ordinances in evidence.

6th. Because the court erred in finding for the plaintiff.

7th. Because the court should have found the issues for the defendant.

The court overruled the motion for a new trial, and entered a judgment upon the finding. Thereupon, the defendant sued out this writ of error.

Messrs. HARRIS and SPAULDING, for the plaintiff in error, presented the following points and authorities :

The first question for the court to consider, in this cause, is this :

Had the said town of Keithsburg, in November, 1855, or at any time before the granting of said special charter, any legal authority to subscribe in any sum to the capital stock of said railroad company, and to issue the bonds of said town in payment of a subscription to such company ?

2. If said town had such authority, was it legally and properly exercised in making such subscription ?

The plaintiff in error insists that said town of Keithsburg, being organized under the general law of this State incorporating towns and cities, and having no special charter, had *no authority* to subscribe to the capital stock of said railroad company. The statute passed at the second session of the general assembly in 1849, authorizing and empowering " *counties and cities* " to take stock in railroad companies, under the terms and conditions therein provided, was not intended by the legislature to apply to *towns*, and does not apply to any municipal corporations, but *counties and cities*. Purp. Stat. vol. 2, 1072, 1073.

Subscriptions to the capital stock of any railroad company authorized by the above mentioned statute were placed under

the control of the *county court* of the county or the *common council* of the city making such subscription, in all respects as stock owned by individuals.

Towns organized under the above named general law have no *common council*, but are governed and controlled by a board of trustees, one of the number being president of such board, and such board of trustees has no power given it to manage and control any stock in a railroad company, such power being given only to the "county court of a county" and the "common council of a city;" much less would such board of trustees have power to subscribe for or purchase stock in any railroad company, and issue the bonds of the town in payment thereof. See Purp. Stat. 1072, sec. 140 ; 1 id. 172, sec 4.

But, even admitting that towns were authorized by the said act of 1849 to take stock in railroad companies, and issue the bonds of such town in payment thereof, the subscription attempted to be made to the capital stock of the Warsaw and Rockford Railroad Company was null and void, because the notice required by said act to be given of the election to vote for or against making a subscription to the capital stock of said road was not given. It does appear that a notice of the election was given, but nothing of its contents is known, and it could not have been posted up for thirty days as required by the statute, because the said town of Keithsburg was not organized under the aforesaid general law until the 27th day of October, 1855, and the ordinance of said town, authorizing such election, was not passed till the 30th day of October, 1855, and such election was held on the 10th day of November, 1855.

There is another objection to said election which is fatal to its legality — only the *freehold voters* residing within the limits of said town were allowed to vote or participate in said election, *all the legal voters residing in said town and not owning real estate therein were not allowed to vote* at such election, thereby disfranchising a large number of the legal voters of said town, and preventing them from expressing their opinion by their votes upon the question of taking stock, or entering a sub-

scription, for a sum not exceeding twenty thousand dollars, to the capital stock of said railroad company, although such persons, so precluded from voting, might own very large amounts of personal property which would be liable to taxation to pay the interest on such subscription. The election was held without warrant or authority of law, and was therefore null and void. *Supervisors of Fulton County* v. *Mississippi & Wabash R. R. Co.* 21 Ill. 373; *Clarke* v. *Board of Supervisors of Hancock Co.* 27 id. 310; *Supervisor, &c.* v. *People ex rel. American Central R. R. Co.* 29 id. 72.

If it should be held that *towns* as well as counties and cities, organized under the general law of this State, have power to take a subscription to the capital stock of a railroad company, and issue the bonds of such town in payment of such subscription, still, they cannot do so except by following strictly the provisions of the law authorizing them to make such subscription, which, in this case, has not been done — the law requiring a majority of *all the legal voters* to be in favor of the proposition submitted, taking as a basis the last general election. Purp. Stat. 1073.

Hence it follows that the taking of the subscription aforesaid to the Warsaw and Rockford Railroad Company, by the town of Keithsburg, and the bonds issued in payment of the same, are not *simply voidable*, but are *absolutely void*, and of no binding effect whatever upon the said town.

The said bonds being void, no act of recognition by said town, such as the payment of interest, &c., would render them valid, nor could the same be made valid or "legalized" by any act of the legislature, it not having the power to make a void act valid. *McDaniel et al.* v. *Correll et al.* 19 Ill. 228; *Supervisors Fulton county* v. *Mississippi and Wabash Railroad Co.* 21 id. 337; *Supervisors of Schuyler county* v. *People ex rel. R. I. & Alton Railroad Co.* 25 id. 183; *Clarke* v. *Hancock county,* 27 id. 310; *Piatt, supervisor, etc.,* v. *People ex rel. American Central Railroad Co.* 29 id. 72.

Messrs. J. R. & J. N. Bassett, for the defendant in error.

27 — 34th Ill.

The bonds and coupons offered in evidence in this case were not issued under authority of the act of 1849, providing for a general system of railroad incorporation, but they were issued under authority of " An act to incorporate the town of Keithsburg," passed by the general assembly of the State of Illinois in 1857.

By this act the president and trustees were authorized to " subscribe for and take stock in the Warsaw and Rockford Railroad Company, to an amount not exceeding twenty thousand dollars, and to issue the bonds of said corporation in payment therefor, to run for a term not exceeding twenty years, to draw interest not exceeding ten per cent. per annum, payable semi-annually, and to do all things in relation thereto as natural persons." See Private Laws 1857, p. 868, sec. 2d of said act.

Under this act, which was accepted by the corporation as their charter, the corporation was fully empowered to make the subscription, and issue bonds to pay the same, without submitting the question to a vote of the citizens or legal voters of said corporation.

By the 17th section of said act or charter, the subscription made by said corporation, while acting under the organization made under the general incorporation law for towns and cities, *was legalized and confirmed, and the president of said corporation fully authorized and empowered to execute and issue said bonds under his hand and the corporate seal of said town* Sess. Laws 1857, p. 874, private laws.

The legislature may authorize cities or other municipal bodies, to subscribe stock in railroads, without violating any provisions of the constitution. *Johnson* v. *The County of Stark*, 24 Ill. 85 ; *Perkins et al.* v. *Lewis et al.*, 24 id. 208. Although these cases were decided under laws of the legislature, authorizing the submission to the legal voters of the corporation, yet the same principle applies in this case. The doctrine is recognized, that the legislature may authorize such corporations to subscribe stock to aid in constructing railroads ; and there is no provision in the constitution requiring a submis-

sion of such questions to the qualified voters; and the special charter of the town of Keithsburg would dispense with a com· pliance with the general incorporation of 1849. *Perkins et al.* v. *Lewis et al.,* 24 *Ill.* 209; *Supervisors of Schuyler co.* v. *People ex rel. R. I. & Alton R. R. Co.,* 25 id. 183. It is not necessary to inquire whether the general incorporation law of 1849 authorized *towns,* incorporated under the general law for the incorporation of towns and cities, to subscribe stock to aid in the construction of railroads; nor is it necessary to ascertain whether the provisions of that act were complied with in holding the election in 1855, in relation to the plaintiffs taking stock in the Warsaw & Rockford Railroad Company, as the bonds offered in evidence were not issued by the old corporation, nor under said law, but the same were issued after the incorporation under the special charter of 1857, and by and under the authority conferred and expressly given.

The plaintiffs' counsel argues that these bonds were issued by virtue of the 17th section of the special charter, which refers to the subscription made by said corporation before the passage of the act of 1857, which subscription, the counsel argues, was illegal and void; and that no subsequent act of the legislature could legalize the subscription.

But we submit this question: If the legislature had the power to pass a law authorizing the corporate authorities to make subscription, and issue bonds for the payment thereof, without submitting the same to the legal voters, could they not pass a law authorizing the corporation to fulfill, ratify or confirm a contract or subscription not legally entered into?

The special act of 1857, authorizing the corporate authorities to issue these bonds, is not retrospective, and does not attempt to make or cure an illegal or void obligation. No bonds had then been issued.

If the corporate authorities, after accepting the charter of 1857, and organizing under it had never done anything under that charter, ratifying or confirming the subscription made by the old incorporation, and the railroad company were now trying to compel the corporate authorities to issue the bonds, the prin-

ciple would be different and they might, with some reason, insist that they were not bound to issue the bonds.

But they have, under this charter, authorized the bonds to be issued, and have also authorized a subscription to be entered of twenty-thousand dollars to the railroad company; have issued these bonds and paid them out, and levied taxes and paid the interest on said bonds for four years thereafter, and continued to vote and represent the stock of said corporation, in the election of directors of said Warsaw & Rockford Railroad Company until 1862, five years thereafter.

They are now estopped from setting up any irregularity in issuing these bonds, and the president and trustees were authorized by the 2d and 17th sections of the charter to issue the bonds, or at least by one of those sections, and having the authority it is now too late to inquire into the regularity of their acts in issuing them. *Johnson* v. *The County of Stark*, 24 Ill. 90.

Mr. Justice Breese delivered the opinion of the Court:

The plaintiff in error contends that the town of Keithsburg, while acting under the general incorporation law, had no authority either to take stock in a railroad company or to hold an election to vote on that question; that any subscription made by the town through its board of trustees, and the bonds issued for the same are void; that if the town had authority to hold an election for such purpose, the election, in this case, was fraudulent and void, because only a part of the legal voters of the town were allowed to vote; that the bonds being void, no act of recognition by the town, such as the payment of interest on them, would render them valid, nor could they be made valid or legalized by any act of the legislature.

However it may be as to the powers of the corporation of Keithsburg, under the act of 1849, it is perhaps, not important to inquire, as these bonds were issued under the act of 1857, to incorporate the town. It is under a special charter which authorized the president and trustees to subscribe for and take stock to an amount not exceeding twenty thousand dollars, and to issue the bonds of the corporation in payment therefor,

to run for a term not exceeding twenty years, to draw interest not exceeding ten per cent. per annum, payable semi-annually, and to do all things in relation thereto as natural persons. Sess. Laws, private acts, 1857, sec. 2, p. 868.

There was no necessity to submit the question to the legal voters, as the act grants the power expressly to the president and trustees, the act having been accepted by the corporation as their charter.

But if the subscription was made under the organization allowed by the general incorporation law of 1849, the seventeenth section of the act of 1857 legalizes and confirms it, p. 874. The subscription, therefore, was good if made under the act of 1857, as an original subscription under the second section, or as a subscription made under the act of 1849 confirmed, as it is, by the seventeenth section of the act of 1857. The bonds may be regarded as issued by the old corporation confirmed by the new act, or as a new issue under the second section of the act of 1857.

That the legislature may authorize the municipal bodies to subscribe stock in railroads has been often recognized by this court. *Johnson* v. *Stark County*, 24 Ill. 75; *Perkins et al.* v. *The President and Trustees, &c.,* id. 208.

It is by no means a necessary element in these subscriptions that there should be a vote of the inhabitants of the town or city authorizing them. It is competent for the legislature to bestow the power directly on the corporation without any intermediary, as they did in this case.

These bonds were not issued by the corporation organized under the act of 1849, but under the authority of the special charter of 1857, consequently, all question about the election, or the fairness of it, is foreign to the case. And so is the question raised as to the power of the legislature to confirm the subscription, if made under the act of 1849. No bonds were, in fact, issued until after the passage of the act of 1857.

Whether, then, the bonds were issued in and by virtue of the second section of the act of 1857 or of the 17th section, we think the corporation is estopped from now setting up any

irregularity in their issue, inasmuch as they have repeatedly recognized their validity by paying them out, levying taxes and paying the interest on them for a series of years. It is now too late to raise a question as to the regularity of their issue. The judgment must be affirmed.

*Judgment affirmed.*