(*Circuit Court of Peoria County.*)

## A. M. Wiley, et al.

### vs.

## James Smith, Collector of Elmwood Township, and C., B. & Q. R. R. Co.

(February, 1870.)

1. RAILROAD AID SUBSCRIPTION—VALIDATION OF VOID SUBSCRIPTION BY LEGISLATURE. Where a township by resolution voted to subscribe forty thousand dollars more to the capital stock of a railroad corporation than it was authorized by law to do; though such a subscription be illegal, yet it can be made valid by a subsequent act of the legislature.

2. SAME—VOTE OF PEOPLE NOT NECESSARY. The legislature can authorize such a subscription without a vote of the people to be effected thereby.

3. STATUTES—CONSTITUTIONALITY—DUTY OF COURTS. A court ought not to declare a statute unconstitutional unless the opposition between it and the constitution is clear.

4. INJUNCTION—DOUBTFUL CASE. An injunction should not be issued in a doubtful case.

PUTERBAUGH, J., after stating the facts in the case; discussing when a court of chancery will interfere to prevent the collection of taxes; the authority of towns and cities to subscribe for stock in aid of the construction of railroads, and holding that the subscription of the township of Elmwood to the stock of the Dixon Peoria and Hannibal railroad company of thirty-five thousand dollars, as authorized by the charter of said company was valid, concluded as follows:

On the day of the election one of the citizens offered a resolution which was adopted, as follows:

"*Resolved,* That it is expedient for the township of Elmwood to subscribe to the capital stock of the Dixon, Peoria and Hannibal railroad company, in addition to the thirty-five thousand dollars authorized by the charter of said company, the further sum of forty thousand dollars; and that the poll list and box be now open for the legal voters of this town

to vote, 'For subscription,' or 'Against subscription,'' to that amount, and that the terms and conditions of subscriptions to the same, be the same as those upon which the vote for thirty-five thousand dollars as authorized by the charter, is this day to be taken, and that this poll list and box be kept open for the reception of votes until six o'clock, p. m., of this day.''

The subscription of forty thousand dollars was carried, by this vote, by a large majority.

To show that the proceedings in calling this town meeting, and in voting forty thousand dollars additional subscription, was illegal, no argument is needed. It is sufficient to say that it was wholly unwarranted and unauthorized by law.

It is claimed by the defendants that this vote, though void at the time of the election, has been legalized by subsequent acts of the legislature.

Before the subscription was made, but after the election referred to, viz.: April 17, 1869, the legislature passed "an act to legalize the election in relation to this subscription."

The act provides that a certain election held in the township of Elmwood, in Peoria county, on the 16th day of March, A. D. 1869, at which a majority of the legal voters of said township, in special town meeting, voted to subscribe for and take forty thousand dollars of the capital stock of the Dixon, Peoria, and Hannibal railroad company, over and above the $35,000 which was, on the same day, subscribed for and taken in accordance with the provisions of the charter of said company, is hereby legalized and confirmed, and is declared to be binding upon said township, and the said forty thousand dollars, when subscribed, according to the conditions of said vote, may be collected from said township in the same manner as if the said subscription had been made under the provisions of said charter.

·This act, if it is within the power of the legislature under the constitution so to do, seems to cure the illegality of the election referred to.

It is urged that it is not within the power of the legislature to make a void act valid, and that the act is repugnant

to that part of the constitution which prohibits the passage of *ex post facto* laws.

The policy of passing laws by our legislature imposing the burden of taxation upon the people of a locality for any specified purpose, without their consent expressed at a legal election may well be questioned. Voters are not required to attend any election in order to be bound by it, unless it is a legal election held according to the forms of the law.

If the question was an open one, I should hesitate before subscribing to the doctrine, that the legislature has power to authorize the officers of any county, city or town to take stock in any public enterprise, without first submitting the matter to the citizens for their approval or rejection.

But that question may be considered as settled. It has been frequently held by the supreme court of this state, as well as that of other states, that it is competent for the legislature to bestow the power directly upon a county, city or town to subscribe for and take stock in a railroad, without requiring the subject to be submitted to a vote of the people. *Johnson v. Stark County*, 24 Ill. 75; *Perkins et al. v. Trustees, etc.*, 24 Ill. 208; *Town of Keithsburg v. Frisk*, 34 Ill. 405.

If the legislature has the power to authorize town officers to subscribe stock in a railroad company, without the vote of the people to be taxed, by a parity of reasoning, it would seem that it has the power to pass a curative act as in this case. Laws of this character are frequently passed to secure the collection of taxes defectively levied, and they have always been sustained by the courts. *Cowgill et al. v. Long*, 15 Ill. 202; *City of Bridgeport v. Housatonic R. R. Co.*, 15 Conn. 475; *Board of Commissioners v. Bright*, 18 Ind. 93; *Town of Keithsburg v. Frisk*, 34 Ill. 405; *McMillen v. Boyles*, 6 Iowa, 304; *Thomson v. Lee County* (Iowa), 3 Wallace, 381; *Gelpcke v. The City of Dubuque*, 1 Wallace, 175.

The rule which is laid down by Cooley on Constitutional Limitations, as applicable to cases of this nature, is this: If the thing wanting or which failed to be done, and which constitutes the defect in the proceedings, is something which the legislature might have dispensed with the necessity of by

prior statute, then a subsequent statute dispensing with it ret-rospectively must be sustained.   And so if the defect consists in doing something which the legislature might have made immaterial by prior law, it may also be made immaterial by subsequent law.   Cooley's Const. Limitations, 371.

And so in this case, if the legislature, as we have seen, can authorize a subscription to a railroad company without a vote of the people, it can certainly give validity to an illegal election and authorize a subscription of stock under that vote.

In order to overthrow the action of the town authorities of Elmwood, in the view I take of this case, the court must pronounce an act of the legislature—a co-ordinate branch of the state government—unconstitutional and void.   The question whether a law be void for its repugnancy to the constitution is at all times a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative in a doubtful case.   A court ought not to declare a law unconstitutional, unless the opposition between it and the constitution is direct and clear.   The policy of the act referred to is one of legislative discretion and not one of judicial cognizance.   ·

The counsel for the complainants has suggested that if the court has a doubt as to the propriety of issuing an injunction in this case, that it ought to be granted, in order that the collection of the taxes may be stayed until the case is passed upon by the supreme court.

As I understand the law this extraordinary writ should never be issued in a doubtful case.   The application has been heard upon the merits of the case, as admitted by counsel.   It is not probable that any new facts will be elicited.   The bonds have been issued and are probably in the hands of innocent parties, and unless this tax is collected any provision made for the payment of the interest that will soon fall due, the town of Elmwood will be liable to be sued upon every coupon for the current year, and thus become involved in a multiplicity of suits.   While on the other hand it must be admitted that if the bonds are illegal, it will work a hardship upon the tax payers to be compelled to pay the assessment for the current year.

From the importance of the case, I regret that the pressing business of the court prevents a review of all the points raised by counsel in this case. I have been compelled to confine myself to the more important points, and have not had time to rewrite or review this opinion.

The injunction is denied.