LESLIE v. KEYSER.    See Case No. 8,275.

---

## Case No. 8,276.
### LESLIE v. URBANA.
[8 Biss. 435.] 1

Circuit Court, S. D. Illinois. March Term, 1879.

DECISIONS OF STATE SUPREME COURT—WHEN FOLLOWED—ESTOPPEL.

1. The supreme court of Illinois having decided that the legislature cannot by subsequent legislation, render valid a vote by a town to subscribe to railroad stock, if there was no law in force at the time of the subscription authorizing it, the federal court will follow that authority although in conflict with a prior decision of the United States supreme court.

2. Although a town has paid interest on its bonds for ten years, it is not estopped from denying their validity even in the hands of innocent purchasers.

[This was a suit by George Leslie against the town of Urbana. The cause was heard on demurrer.]

George W. Gere, for plaintiff.

Wm. D. Somers and F. M. Wright, for defendant.

DRUMMOND, Circuit Judge. In this case bonds were issued by the town of Urbana to the Danville, Pekin & Bloomington Railroad Company. At the time the town voted, on the 4th of August, 1866, by a majority of voters to take the stock and issue the bonds, there was no law which authorized the vote. An act amending the charter of the railroad, on the 28th of February, 1867, attempted to give effect and validity to this vote. An act of April 17, 1869, in some particulars, further legalized the election. The case of the Town of St. Joseph v. Rogers, 16 Wall. [83 U. S.] 646, was decided under these identical statutes, and the bonds issued in that case were declared valid, so that we have an express decision of the supreme court of the United States declaring that the statutes, under which the bonds in a case precisely similar to this were issued by the town of St. Joseph, were valid, but the supreme court of Illinois has ruled in several cases that the legislature could not constitutionally render such votes valid when there was no law in force at the time authorizing them. Marshall v. Silliman, 61 Ill. 218; Wiley v. Silliman, 62 Ill. 170; Barnes v. Town of Lacon, 84 Ill. 461.

In the case of the Township of Elmwood v. Marcy, 92 U. S. 289, the supreme court of the United States seemed to consider the law settled in this state by the decisions of

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the supreme court, that the legislature cannot render valid a vote to subscribe to the stock of a railroad when there was no law in force at the time which authorized the vote. Undoubtedly this is in direct conflict with the decision of the supreme court of the United States in the case of the Town of St. Joseph v. Rogers, in 16 Wall. [83 U. S.], already referred to. The opinion of the majority of the court in the case of Township of Elmwood v. Marcy [supra] does not refer to the case in 16 Wall. [83 U. S.], but the opinion of the minority does, and it is therefore clear that the attention of the court was directed to the latter case, and that it was considered no insuperable obstacle in the way of following the decisions of the supreme court of this state. In the case of Alcott v. The Supervisors, 16 Wall. [83 U. S.] 678, the court refused to follow a decision of the supreme court of Wisconsin, which ruled that a statute of that state was unconstitutional. This was also in a bond case.

This places the law in a doubtful condition and leaves it very uncertain for parties who deal in bonds to know what to depend upon. There are decisions of the supreme court of this state which hold that the legislature cannot render valid a vote to subscribe to stock, unless there was a law in force at the time authorizing the subscription; on the other hand, there is a decision of the United States supreme court which declares that the legislature may do so, and for aught we know, these parties, plaintiffs in this and other cases, may have bought these bonds relying on the decision of the supreme court of the United States, in 16 Wall. [83 U. S.]. Perhaps some criticism might be made upon the rulings of the supreme court of the United States, but while it may be that the court has not been always consistent in its rulings on this question, we have to judge by the best lights before us. What is its latest deliberate decision on this point? So far as I can see, it is to follow the latest decision of the supreme court of this state, and so the issue of the bonds in this case was unauthorized by law. While it is a very hard case on the bondholders, and not a very creditable defense on the part of the town, because they have, as the declaration alleges, for ten years paid the interest on these bonds, and only woke up at the end of that time to find them invalid, and to refuse to pay them; yet we must sustain the defense. Individuals might be estopped from refusing to pay them. I suppose a town is not, because the law is that if the act was not authorized—in other words if it was a void statute—no act of the town could ratify it. It would be otherwise if voidable or merely irregular.

It is embarrassing to meet such questions of law, and in such a way as this question arises in this case, but still we have to follow the only guides there are in the case,

and grope our way as best we can, however dark may be the path, and so far as I can see, the supreme court of the United States informs us that it intends to follow the decisions of the supreme court of this state. It has, therefore, substantially overruled the case of the Town of St. Joseph v. Rogers, supra.

This being a demurrer to the declaration, although it avers a ratification, payment of interest and other facts tending to the same result, still we must hold, I think, that the demurrer is well taken, and that the bonds are invalid, even in the hands of bona fide holders.

Perhaps I might refer to the case of the Town of Keithsburg v. Frick, 34 Ill. 405, which was cited and so much commented on by the counsel on both sides. In that case it is true that the court in its opinion states that the issue of the bonds would have been valid under the vote which was taken (ostensibly under the act of 1849, I think), and which was subsequently sought to be legalized by an act of the legislature. The court does say that that act gave validity to the vote, although there was no law in force at the time authorizing it. But still the court also says that the bonds were issued under a law which authorized the subscription to be made and the bonds to be issued by the authorities of the town, and that it did not require a vote at all upon the subject. So that really what the court says in relation to the act of the legislature legalizing the vote, was unnecessary to the decision of the case, and in a sense may be considered nothing more than dictum; and upon that view the supreme court of this state relies in its subsequent decisions, although the supreme court of the United States, in the Rogers Case, refers to and relies upon the decision of the supreme court of this state, in the case of the Town of Keithsburg vs. Frick, 34 Ill. 405.

The demurrer will be sustained. I presume the case will go to the supreme court, and if it goes there, the parties can see whether the view we have taken of the case of Township of Elmwood v. Marcy is correct.

On appeal to the supreme court, this case was affirmed by a divided court.

[NOTE. This case, selected from several similar cases (not reported), was taken by writ of error to the supreme court as a test case, and the judgment was affirmed (not reported) by a divided court. Subsequently the court below granted new trials in the other cases. Judgments having been rendered in favor of the plaintiffs, the defendants brought error, and the supreme court affirmed (not reported) the decision of the lower court. Thereafter the plaintiff in the present action filed a bill of review in the circuit court of the United States for the Southern district of Illinois to have the judgment therein set aside. A demurrer to the bill of complaint was sustained, and the bill dismissed (case not reported) for lack of equity. An appeal was then prosecuted by the plaintiff to the circuit court of appeals, Seventh circuit. Jenkins, Circuit Judge,

in delivering the opinion of the court, held that the affirmance of a judgment by a divided court was as effective between the parties as though it passed by the unanimous decision of the court. Sustaining the bill would be to overthrow the whole doctrine of res adjudicata, and accordingly the decree of the circuit court was affirmed. 56 Fed. 762.]

---

L'ESPENASSE (SCHERMEHORN v.). See Case No. 12,454.

L'ESPERANZA (BOOTH v.). See Case No. 1,647.

L'ESPERANZA (COULTER v.). See Case No. 3,277.

---

### LESSEE OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the lessors; e. g. "Lessee of Ritchie v. Woods. See Ritchie v. Woods."]

---

LESSFORD (KEILER v.). See Case No. 7,-649.